1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ATTACHMATE CORPORATION,

    Plaintiff,

    v.

HEALTH NET, INC.,

    Defendants.

Case No. C09-1161 MJP


ORDER DENYING MOTION FOR
JUDGMENT ON THE PLEADINGS

This matter comes before the Court on Defendant Health Net, Inc.'s ("Health Net")

motion for judgment on the pleadings. (Dkt. No. 15.) Having reviewed the motion, Plaintiff

Attachmate Corporation's ("Attachmate") response (Dkt. No. 16), the reply (Dkt. No. 17),

and all papers submitted in support thereof, and having heard oral argument on January 26,

2010, the Court DENIES the motion for judgment on the pleadings. The Court has also

reviewed Attachmate' motion to strike contained in its surreply. (Dkt. No. 19.) The Court

GRANTS this motion.

**Background**

Attachmate has developed and distributed a variety of software products, including the

Reflections family of products at issue in this litigation. (Complaint ¶ 7.) This software is

allegedly copyrighted. (Id. ¶ 15.) Health Net entered into license agreements with

Attachmate, allowing it to install several types of Attachmate software, including the

Reflection family. (Id. ¶ 17.) In connection with these agreements, Attachment and Health

ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS - 1

1  Net entered into several end-user software license agreements ("EULAs") in which Health

2  Net obtained the right to use and run Attachmate's Reflection software products.  (Id. ¶ 18.)

3  At least one EULA required Health Net to acquire new licenses for any unauthorized use of

4  the software at a non-discounted rate.  (Compl. Ex. B at 81.)  It stated that Health Net was

5  required to "promptly acquire the necessary additional licenses without the benefit of any

6  otherwise applicable discount . . . in the event of unauthorized copying, distribution or use of

7  the Software. . . ."  (Id.)  Attachmate alleges that Health Net installed several thousand copies

8  of Attachment's Reflection software without valid licenses and in violation of the EULAs.

9  (Dkt. No. 16 at 7.)  Attachmate brings two claims: (1) a violation of the Copyright Act, and

10  (2) a breach of contract.  Health Net moves to dismiss the breach of contract claim on the

11  theory that it is preempted by the Copyright Act.

12  **Analysis**

13  A.    Preemption

14       The Copyright Act protects the right to reproduce, distribute, and display copyrighted

15  materials, as well as the right to prepare derivative works based on the copyrighted material.

16  17 U.S.C. § 106.  It also preempts state law with regard to "all legal or equitable rights that

17  are equivalent to any of the exclusive rights within the general scope of copyright. . . ."  17

18  U.S.C. § 301(a).  State law claims are preempted when "(1) the work at issue comes within

19  the subject matter of copyright, and (2) the state law rights are equivalent to any of the

20  exclusive rights within the general scope of copyright." Grosso v. Miramax Film Corp., 383

21  F.3d 965, 968 (9th Cir. 2004) (quotation omitted).  To survive preemption, the state law claim

22  must include an "extra element" that makes the right asserted qualitatively different from

23  those protected by the Copyright Act. Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079, 1089

24  (9th Cir. 2005) (citing Summit Mach. Tool Mfg. v. Victor CNC Sys., Inc., 7 F.3d 1434, 1439-

25  40 (9th Cir. 1993)).

1    The Ninth Circuit has found a contract claim outside the Act's preemptive scope

2    where the claim "turns not upon the existence of a [copyright] . . . but upon the implied

3    promise to pay the reasonable value of the material disclosed." Grosso, 383 F.3d at 968

4    (quoting Landsberg v. Scrabble Crossword Game Players, Inc., 802 F.2d 1193, 1196 (9th Cir.

5    1986)). In Grosso, the plaintiff's contract claim was not preempted because the alleged

6    contract included an implied promise to pay the writer for his idea. Id.; but see Del Madera

7    Props. v. Rhodes & Gardner, Inc., 820 F.2d 973, 977 (9th Cir. 1987) (holding that a claim for

8    unjust enrichment was preempted because it lacked an extra element—a bilateral expectation

9    of compensation) overruled on other grounds, Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).

10   "It is not the use of the work alone but the failure to pay for it that violates the contract and

11   gives rise to the right to recover damages." Wrench LLC v. Taco Bell Corp., 256 F.3d 446,

12   456 (6th Cir. 2001).

13   Here, the 2005 EULA contains a provision that requires Health Net to acquire

14   additional licenses "without the benefit of any otherwise applicable discount" for

15   unauthorized copies of the software. (Compl. Ex. B at 81.) Health Net thus promised to pay

16   Attachmate "the reasonable value of the material disclosed." See Grosso, 383 F.3d at 968.

17   Attachmate's contractual rights exceed the scope of its rights under the Copyright Act. As

18   pleaded, Attachmate may pursue its breach of contract claim, which is not preempted by the

19   Copyright Act.

20   At oral argument, Health Net argued strenuously that the present case is

21   indistinguishable Attachmate Corp. v. Sentry Ins., No. C08-1035, Dkt. No. 37 (W.D. Wash.

22   Jan. 13, 2009), in which the court found a breach of contract claim preempted by the

23   Copyright Act. In Sentry, the court found that "[n]owhere . . . does the license express a

24   mutual agreement that Extra can use or install extra copies of the License so long as it pays

25   for them." Id. at 6. Here, however, the Court is presented with an entirely different set of

EULAs that do contain Health Net's agreement to purchase additional licenses for

1   unauthorized copies of the software.  These agreements provide Attachmate with contractual

2   remedies that the Copyright Act does not preempt.  The Court DENIES Health Net's motion.

3   B.      Motion to Strike

4        Attachmate moves to strike Health Net's argument that only the 2002 and 2004

5   Agreements are the controlling EULAS.  (See Dkt. No. 17 at 2.)  Attachmate correctly points

6   out that this argument was raised for the first time on reply.  Health Net's argument is

7   inconsistent with its Answer to the Complaint and its opening brief.  At oral argument, Health

8   Net failed to demonstrate where this argument was raised in its opening brief.  The Court

9   finds that it was raised only in the reply brief.  This is improper.  The Court GRANTS

10   Attachmate's motion to strike the portions of the reply brief in which Health Net argues that

11   only the 2002 and 2004 EULAs apply.  The Court also notes that Health Net's argument

12   raises a disputed issue of fact that the Court cannot resolve on a motion to dismiss.  The Court

13   does not consider Health Net's argument on this issue.

14                 **Conclusion**

15        The EULAs referred to and relied on in the Complaint contain the necessary elements

16   to ensure that Attachmate's breach of contract claim is not preempted by the Copyright Act.

17   Health Net's motion is DENIED.  For the first time in its reply brief, Health Net makes

18   factually disputed arguments that are procedurally improper.  Attachmate's motion to strike

19   these contentions is GRANTED.

20        The Clerk is directed to send a copy of this order to all counsel of record.

21        DATED this 4th day of February, 2010.

22

23

24                              Marsha J. Pechman

25                              United States District Judge