UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATTACHMATE CORPORATION, | CASE NO. C09-1161 MJP |
| Plaintiff, | ORDER ON PLAINTIFF'S MOTION TO EXCLUDE |
| v. | |
| HEALTH NET, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff Attachmate Corporation's motion to exclude Defendant Health Net, Inc.'s supplemental expert report. (Dkt. No. 126.) Having reviewed the motion, the response (Dkt. No. 130), the reply (Dkt. No. 137), and all supporting papers, the Court GRANTS the motion and excludes the report.

**Background**

This is the second dispute arising between the parties with regard to expert reports. Plaintiff previously filed a motion to exclude Defendant's rebuttal expert report. (Dkt. No. 48.) Plaintiff argued that the report, filed July 12, 2010, raised significant issues as to damages, which was a topic not addressed by Plaintiff's expert report. On September 23, 2010, the Court agreed

ORDER ON PLAINTIFF'S MOTION TO EXCLUDE- 1

1 with Plaintiff. (Dkt. No. 113.) The Court held that Defendant's expert rebuttal report's

2 discussion of damages was not proper because it raised new issues beyond the scope of

3 Plaintiff's expert report. (Id. at 2.) Rather than exclude portions of the report, the Court granted

4 Plaintiff alone leave to file an expert rebuttal report. (Id. at 3.) Defendant was given leave to

5 depose Plaintiff's expert, but nothing more. (Id.) The Court awarded Plaintiff fees because

6 Defendant's disregard for the Court's scheduling order and Rule 26 prompted Plaintiff to bring

7 the motion. (Id.)

8 Between October 26 and November 2, 2010, the Court issued three orders on summary

9 judgment motions filed by the parties. (Dkt. Nos. 118, 120, 122.) In relevant part, the Court

10 ruled that some of Plaintiff's breach of contract claims were preempted by the Copyright Act.

11 The parties agreed among themselves that they could supplement their damages reports to reflect

12 changes made by the Court's rulings. (Axel Decl. ¶ 4; Zaitlen Decl. ¶ 2.) The parties did not put

13 anything in writing as to the scope of the supplementation, although Defendant maintains that the

14 supplement was to be made "in light of" the Court's rulings. (Zaitlen Decl. ¶ 2.) Plaintiff's

15 expert revised his report by moving certain damage amounts attributable to Plaintiff's breach of

16 contract claims to Plaintiff's Copyright claims in light of the Court's ruling that certain contract

17 claims were preempted. (Axel Decl. ¶ 5.) Defendant indicated that it would provide its expert

18 report by Cate Elsten by November 5, 2010. (Id. ¶ 4.) Defendant did not produce a

19 supplemental expert report until November 15, 2010, the last day of discovery and depositions.

20 (Axel Decl. ¶ 2, Ex. A.) Although Defendant's report is entitled a "supplemental report," it is

21 almost an entirely new document from the original report, containing substantial rebuttal opinion

22 and little indication as to how it relates or responds to the Court's orders.

23

24

1    Plaintiff seeks to exclude the entire report.  Plaintiff argues it was not authorized by the

2 Court's previous orders and that it exceeded the scope of the agreed-upon supplementation.

3 Defendant argues that it was required to file this supplementation by Rule 26 and that the parties'

4 agreement permitted the entire report.  Defendant also contends that Plaintiff's motion is a

5 premature motion in limine.

6                                              **Analysis**

7 A.    <u>Improper Supplementation</u>

8    Defendant's supplemental report is an improper attempt to reply to Plaintiff's damages in

9 violation of the Court's previous order and the parties' agreement on supplementation.

10    Rule 26 provides the Court with discretion to sequence and order expert reports.  Fed. R.

11 Civ. P. 26(a)(2)(D) (effective Dec. 1, 2010).  The Court has authority to impose sanctions,

12 including exclusion of evidence, for failure to comply with Court orders.  <u>Wong v. Regents of</u>

13 <u>University of California</u>, 410 F.3d 1052, 1060 (9th Cir. 2005).  Earlier in this case, the Court

14 granted limited relief to Plaintiff alone to file a new expert report.  This did not extend to

15 Defendant.

16    Defendant's supplemental report violates the Court's order on Plaintiff's first motion to

17 exclude. (Dkt. No. 113.)  Defendant's purported supplementation to the expert report is

18 essentially an entirely new rebuttal report that was not authorized by the Court.  Defendant's

19 expert does not hide this fact and nearly every section contains new responses to Plaintiff's

20 expert reports and the KPMG audit of Health Net.  (<u>See</u> Axel Decl. Ex. A at 8-34.) The Court did

21 not permit Defendant to file a rebuttal report after it improperly filed its first report on damages.

22 Yet again, Defendant has disregarded the Court's order, this time filing another improper rebuttal

23 report.

24

1    Defendant argues that it was required to supplement its report pursuant to Rule
2 26(a)(2)(D) and Rule 26(e)(2).  Rule 26(e) requires supplementation when "the party learns that
3 in some material respect the disclosure or response is incomplete or incorrect, and if the
4 additional or corrective information has not otherwise been made known to the other parties
5 during the discovery process or in writing. . . ."  Fed. R. Civ. P. 26(e)(1)(A).  As Plaintiff points
6 out, Rule 26(e) "does not grant a license to supplement a previously filed expert report because a
7 party wants to. . . ."  Coles v. Perry, 217 F.R.D. 1, 3 (D.D.C. 2003).  Supplementation of expert
8 reports must be timely and necessary to correct or complete a prior report.  Beller ex rel. Beller
9 v. United States, 221 F.R.D. 696, 701 (D.N.M. 2003).  Defendant fails to show what newly
10 acquired evidence or inaccuracies in its earlier report required it to supplement on the last day of
11 discovery.  Defendant cites to one piece of evidence that it acquired on August 19, 2010, but fails
12 to explain why it took nearly three months to supplement the report with this information, why it
13 was necessary under Rule 26(e), and why it was waited until the very last day of discovery.
14 (Dkt. No. 130 at 8.)  Similarly, Defendant fails to explain whether information given to Ms.
15 Elsten from one of Defendant's own employees, Jeffery Otwell, on November 12, 2010, was
16 new information or whether it required supplementation under Rule 26(e).  (Dkt. No. 130 at 30.)
17 The Court rejects Defendant's assertion that the supplementation was proper or necessary under
18 Rule 26(e).

19    Defendant also argues that it was entitled to file the supplemental report because Plaintiff
20 agreed to the amendment.  The Court disagrees.  Plaintiff states that it agreed to amendment of
21 the expert reports to "address[] the Court's opinion" on summary judgment.  (Axel Decl. ¶ 4.)
22 Defendant contends that the parties "agreed that our damages experts would be supplementing
23 the reports in light of the decision on this Courts [sic] motions for summary judgment [sic]," but
24

that "[t]here was no discussion of how and to what degree our experts would be supplementing the reports." (Zaitlen Decl. ¶ 2.) Even if the degree was not discussed, the parties agreed that the supplementation had to be tied to and prompted by changes to the case caused by the Court's summary judgment orders (in particular, issues regarding preemption of certain breach of contract claims). The Court does not find the new report's opinions to be supplementation "in light of" the Court's orders. Sections III(A) through (D) respond to Plaintiff's expert reports and KPMG's audit work, and do not offer any corrections or supplementation that relates to the Court's summary judgment orders. Sections III(E) through (H) are similarly rebuttal arguments to Plaintiff's damage expert and new calculations of damages that are not supplements related to the Court's summary judgment orders. Section III(J) of the report discusses the costs of the KPMG audit, which is not related to the summary judgment orders. Section III(I) is the only section that purports to offer an expert opinion related to the Court's summary judgment orders. Yet Ms. Elsten pays only lip service to the Court's orders, authoring an entirely new discussion on damages that was not prompted by the Court's orders or new information or any need to correct earlier statements. The contract claims on which she opines were operative at the time she authored her first opinion and she does not explain how or what in the Court's orders on summary judgment required her new opinions. These additions are not a supplementation "in light of" the Court's decisions, as the parties agreed.

The Court excludes the entire "supplemental report" authored by Defendant's expert. It was not permitted by the Court's previous order and it is far beyond the scope of the supplementation to which Plaintiff agreed. A less drastic remedy is not proper here. The prejudice to Plaintiff if the report is allowed is substantial. The parties are just two-and-a-half months away from trial, discovery has ended, and the time to depose Defendant's expert is

1  fleeting. Moreover, given that this is the second time Defendant has run afoul of the limitations
2  on expert reports, the Court does not find the lesser penalty adequate. The Court therefore
3  GRANTS Plaintiff's motion and excludes the entire report.

4  B.    <u>Motion not Premature</u>

5  Defendant argues that Plaintiff's motion is a premature motion in limine. As the
6  substance of the briefing lays bare, this is a discovery dispute that focuses on whether Defendant
7  has complied with the Court's previous order on expert reports. It is not merely a motion to
8  exclude evidence. This is particularly the case where Plaintiff has asked for leave to depose the
9  expert if the Court did not exclude the report, which is not a traditional motion in limine remedy.
10 The motion is not premature and the Court rejects Defendant's argument.

**Conclusion**

12 The Court GRANTS Plaintiff's motion and excludes the entirety of the supplemental
13 Elsten report. The Court did not permit Defendant to file a new expert report. Defendant has
14 also far exceeded the parties' agreement on supplementation. The supplemental report is
15 improper and will be excluded.

16 The clerk is ordered to provide copies of this order to all counsel.

17 Dated this 16th day of December, 2010.

Marsha J. Pechman
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO
EXCLUDE- 6